# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID WILLIAMS, JR., | 1:08-cv-01336 AWI DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION |
| v. | [Doc. 32, 35] |
| MIKE MARTEL, Warden | |
| Respondent. | |
| _____/ | |

On May 4, 2009, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied on the merits and judgment was entered in favor of Respondent. (Court Docs. 30, 31.)  On May 11, 2009, Petitioner filed two identical motions for reconsideration. (Court Docs. 32, 35.)

In his motion, Petitioner contends that the Court failed to consider newly discovered evidence in support of his claim that trial counsel rendered ineffective assistance. (Motions, at 3-5.)  The court construes Petitioner's motions to be a request made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason

1

1 justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

2      Petitioner submits evidence in the form of disciplinary action taken against his trial

3 attorney, James M. Kordell, by the State Bar of California.  (See Supp. to Objections [Court Doc.

4 27], 8-9[1]; Supp. to Ineffective Assist. Counsel Claim [Court Doc. 29], at 5, 7-12, 14-15, 20-24,

5 26-28, 30-31.)  However, upon a review of Petitioner's filings, any disciplinary actions taken

6 against Mr. Kordell occurred after the criminal trial in the instant matter and are unrelated to

7 Petitioner's case.[2]  Accordingly, this evidence does not provide a basis to vacate the judgment,

8 and Petitioner's motion for reconsideration must be DENIED.

9

10 IT IS SO ORDERED.

11 **Dated:   June 8, 2009**                    **/s/ Anthony W. Ishii**
                                  CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

---

24 [1] Because the exhibits attached to Petitioner's filings are not enumerated, the Court refers to the page numbers as reflected in the Court's Case Management Electronic Filing System.

25
26 [2] It appears that Mr. Kordell received a private reproval which became effective on December 12, 2005, in case number 06-H-13895.  Mr. Kordell was required to file quarterly reports in compliance with the terms and conditions of the reproval order.  Because he failed to file the quarterly reports disciplinary charges were filed
27 against him on September 27, 2006, and he was subsequently ordered inactive pursuant to those charges.
    In addition, Mr. Kordell received a drug-related conviction in case number 07-C-10739, and was ordered
28 not eligible to practice law on May 14, 2008.  Because Petitioner's criminal offense took place in 2005 and the trial was conducted in 2006, the disciplinary actions were all unrelated.