UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID WILLIAMS, JR., ) | 1:08-cv-01336 AWI DLB HC |
| ) | |
| Petitioner, ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION |
| v. ) | [Doc. #41] |
| ) | |
| MIKE MARTEL, Warden, ) | |
| ) | ORDER DENYING MOTION FOR CERTIFICATE |
| Respondent. ) | OF APPEALABILITY |
| ) | [Doc. #37] |
| ) | |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On May 4, 2009, the Court issued an order adopting the findings and recommendation of the Magistrate Judge and denying the petition for writ of habeas corpus. Judgment was entered the same date. On May 11, 2009, Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals and the appeal was processed. On May 18, 2009, Petitioner filed a motion for certificate of appealability. On May 13, 2011, the Ninth Circuit denied the certificate of appealability. On June 14, 2012, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b), which is currently pending before the Court.

     Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
     (1) mistake, inadvertence, surprise, or excusable neglect;

1

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Petitioner contends that his arrest was unconstitutional because the officer did not have a warrant to enter the residence. He further argues he was never given a probable cause hearing on his arrest. Petitioner's arguments do not merit reconsideration. First, the motion is untimely. Pursuant to Rule 60(c), the motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Here, judgment was entered on May 4, 2009. Petitioner delayed unreasonably for over three years before filing the instant motion on June 14, 2012. Second, the claim Petitioner seeks to argue was never presented to the Court in the petition. Petitioner cannot now introduce a new claim after the petition has been denied. To the extent Petitioner wishes to present a new claim, he must do so by filing a new habeas petition. However, he must first seek authorization from the Ninth Circuit Court of Appeals before he can file a second or successive petition in the district court. 28 U.S.C. § 2244(b)(3).

Accordingly, Petitioner's motion for reconsideration is DENIED. In addition, Petitioner's motion for certificate of appealability is DENIED as moot insofar as the Ninth Circuit denied certificate of appealability on May 13, 2011.

IT IS SO ORDERED.

Dated:   June 25, 2015                    _____
                                                   SENIOR  DISTRICT  JUDGE